## GRIFFITH v STATE

Ohio Appeals, 1st Dist, Butler Co

No 562.  Decided May 8, 1933

Joseph W. Sharts, Dayton, and M. O. Burns, Hamilton, for plaintiff in error.
Paul A. Badan and Kimball Scott, for defendant in error.

## OPINION

**BY THE COURT**

Plaintiff in error Griffith was indicted and convicted under an indictment charging "unlawfully and maliciously did procure, aid and abet and cause to be written, printed and published a certain false and malicious libel of and concerning one Charles R. Hook, which said false and malicious libel is as follows:

"That said defendant maliciously and unlawfully did procure, aid and abet and cause to be written, printed and published a certain false and malicious article in a certain newspaper known as the Ohio Examiner, wherein said article the reputation and character of the said Charles R. Hook was unlawfully and maliciously attacked by procuring, aiding and abetting and causing to be written, printed and published the following article in the language as follows; * * *."

The indictment further charges that Griffith did unlawfully and maliciously procure, aid and abet and cause to be written, printed and published a certain false and malicious letter.

Motion for a new trial was overruled by the trial court and Griffith was sentenced to pay a fine. Griffith through his counsel interposed a motion to quash the indictment on the ground that the indictment did not state a cause of action and that the indictment was bad for duplicity.

Sec 12380 GC provides:

"Whoever aids, abets, or procures another to commit an offense may be prosecuted and punished as if he were the principal offender."

It is urged that there is no offense in the statute as aider and abettor; that the indicment should be as principal, notwithstanding proof of aiding and abetting may warrant conviction.

It will be noted that the indictment charges not only procuring, aiding and abetting, but also charged "causing to be written and published a certain false and malicious libel." If the contention of counsel is correct that the indictment should charge the defendant as principal, the indictment is sufficient in its wording to so charge and the words "aid and abet" merely surplusage. The words "aid and abet" in the indictment is not prejudicial since under the words proof of aiding and abetting would justify an indictment.

It is further urged that the indictment is bad for duplicity, for the reason that it charges the publishing of a libelous article and in addition charges the publication of a certain false and malicious letter. It appears that the letter and article were published simultaneously in the same article, in the same paper and on the same date. The combined acts would constitute a malicious libel.

The fact that two matters published together as charged in the indictment constitute the one act of libel does not make the indictment bad for duplicity and the court did not err in overruling the motion.

The further grounds of error urged are that the state's evidence was not entitled to credit; that the verdict was contrary to law and against the weight of the evidence and that the defendant was not proven guilty beyond a reasonable doubt.

These three grounds all go to the weight of the evidence. We have examined the bill of exceptions and the evdience in dispute and the result depends on the creditability of witnesses. The jury were the judges of the creditability of witnesses. If it believed the state's witnesses, their verdict is fully sustained. The result speaks for the conclusion of the jury. We find no prejudicial error in the record and judgment is affirmed.

HAMILTON, PJ, ROSS and CUSHING, JJ, concur.